UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HAYLEY MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>WE CARE HEATING AND AIR, LLC,<br><br>Defendant. | **Civil Action File No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Hayley Martin ("Ms. Martin" or "Plaintiff") states her complaint against the above-named Defendant as follows:

1. This is a complaint for violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction over Ms. Martin's claims, which arise under federal law, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Macon Division of the Middle District of Georgia.

## THE PARTIES

4. Ms. Martin is a resident and citizen of the State of Georgia. She submits to the jurisdiction of this Court.

5. Defendant We Care Heating and Air, LLC ("We Care" or "Defendant") is a Georgia limited liability company. We Care operates a heating, ventilation, and air-conditioning service and installation company based in Warner Robins, Georgia.

6. We Care can be served with the summons and complaint by service upon its registered agent, Randy Green, at 2292 Moody Rd., Warner Robins, Georgia, 31088.

7. At all times relevant to this lawsuit, We Care was Ms. Martin's employer as that term is defined by the ADA.

## ADMINISTRATIVE PROCEDURES

8. Ms. Martin has exhausted her administrative remedies with respect to the claims asserted herein.

9. Ms. Martin timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 15, 2021.

10. The EEOC issued a "Notice of Right to Sue" on January 11, 2022, entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL BACKGROUND

11. Ms. Martin began employment with We Care on April 1, 2021. She worked as a service technician.

12. Ms. Martin suffers from generalized anxiety. She sees a psychotherapist for treatment of this condition and has been prescribed Zoloft.

13. Generalized anxiety is a chronic condition that significantly limits several of Ms. Martin's major life activities, including but not limited to her cognitive function. For example, this condition impairs Ms. Martin's ability to communicate with others, especially in a group or social setting.

14. On July 14, 2021, at a weekly meeting of all of We Care's service technicians, Ms. Martin was called upon to speak in front of the group. She suffered an anxiety attack and fainted.

15. At least one other We Care employee called for emergency medical services. Paramedics arrived shortly after Ms. Martin regained consciousness and assisted her recovery.

16. Her superiors at We Care told Ms. Martin to take the rest of the day off. Her manager drove her home.

17. The next day, July 15, 2021, Ms. Martin returned to work for her regular shift. When Ms. Martin arrived at work, her manager gave her a Separation Notice and terminated her employment on the spot.

18. According to the Separation Notice, We Care terminated Ms. Martin for "Fail[ing] to report a medical condition that requires medications that when taken or not could lead to injury and/or death. . . . She can not be expected to be allowed to drive a company vehicle or work alone if she could lose [consciousness] and cause harm to herself or others."

## LEGAL CLAIMS

### Disability Discrimination in Violation of Title I of the ADA

19. By this reference, Plaintiff incorporates the above paragraphs as if fully set forth herein.

20. Title I of the ADA prohibits employers from terminating an employee due to the employee's disability (or perceived disability). Title I of the ADA also requires employers to make reasonable accommodations for an employee's disability and, upon discovering a possible need for accommodation, to engage in an interactive process with the employee to determine what accommodations might be feasible.

21. Ms. Martin's anxiety is a disability, as that term is defined in the ADA.

22. We Care also perceived Ms. Martin as a disabled, as evident in her Separation Notice.

23. At no point between Ms. Martin's fainting spell on July 14 and her termination on the morning of July 15 did We Care seek clarification from Ms. Martin or

discuss with her in any way the nature of her disability, her treatment for her disability, or the theoretical limitations her disability might impose on her ability to perform her job duties.

24. We Care violated the ADA by failing to engage in any kind of interactive process with Ms. Martin, after learning of her disability, to determine whether her disability could be reasonably accommodated. This violation is evident from We Care's total failure, in the less than twenty-four hours between her fainting spell and her summary termination, to even attempt to ascertain the true nature and business consequences of Ms. Martin's disability and treatment.

25. We Care violated the ADA by failing to reasonably accommodate Ms. Martin's disability. To the extent any accommodation was actually necessary, We Care denied Ms. Martin such accommodation by unilaterally terminating her instead.

26. We Care violated the ADA by terminating Ms. Martin's employment because of her disability (or perceived disability). We Care all but admits to this violation in Ms. Martin's Separation Notice, which expressly states she was terminated because of her medical condition.

Ms. Martin is entitled to recover all damages caused by We Care's ADA violations, including lost wages, compensatory damages, attorneys' fees, and

litigation costs.

27. Based on the above, Ms. Martin demands a jury trial on all triable issues and asks the Court for the following relief:

(1) lost back pay,

(2) reinstatement, or front pay in lieu of reinstatement,

(3) compensatory damages as permitted by the ADA,

(4) prejudgment interest,

(5) litigation costs,

(6) attorneys' fees, and

(7) other relief deemed appropriate by the Court.

Respectfully submitted on February 3, 2022.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500


*s/ Jake Knanishu*
Jake Knanishu
Georgia Bar No. 597103


Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com
jake@decaturlegal.com